ELLENDALE NATIONAL BANK, Appellant, v. WM. O. WENTZEL and CLARA M. WENTZEL, Respondents.

(189 N. W. 634)

**Appeal and error — acceptance of performance of decree below held waiver of error assigned thereon.**

1.  Plaintiff appealed from a certain judgment, cancelling a certain contract for the purchase of land. It is *held*, for reasons stated in the opinion, that plaintiff waived the errors assigned and upon which it relies.

Opinion filed July 14, 1922

An appeal from a judgment of the District court of Dickey county, *McKenna,* J.

Judgment affirmed.

*F. J. Graham,* for appellant.

*E. E. Cassels,* for respondent.

GRACE, J. This is an appeal from a judgment of the district court of Dickey county, in plaintiff's favor, adjudging the cancellation of a

certain land contract. No lengthy statement of the facts is necessary. Such as are necessary to be stated are as follows:

On the 3d day of December, 1915, the plaintiff entered into a written contract for a deed with the defendants for the conveyance of the S. ½ of section 21, township 130, range 62, in Dickey county, N. D., upon the terms and conditions stated therein. The purchase price stipulated to be paid was $11,931. On December 3, 1920, there was found to be due upon the contract $14,539.74, at which time a note was taken from Wm. O. Wentzel for that amount, bearing interest at the rate of 10 per cent. per annum. On March 22, 1922, there was due on the contract, including sums due for interest, taxes, and insurance, $16,734.99.

The defendants being in default, this action was brought to cancel the contract. It may be observed also, that Wentzel filed on one of the quarters as a homestead, in 1883, and about two years subsequently purchased the other. He placed the land under cultivation, and erected buildings on it, which the testimony shows was worth approximately $3,000. At one time there was a small mortgage of $700 on the premises to one King. This was foreclosed. Plaintiff at this time held a third mortgage against the land. Some arrangement was made between Wentzel and the bank whereby the bank should take care of the mortgage that was fore closed before the time of redemption expired; this arrangement is represented in part by the contract. It is wholly unnecessary to go further into detail in the matter.

The court, in its findings of fact, found that the defendants were in default, and made an order, granting the prayer of the plaintiff for the cancellation of the contract. It, however, specified in the order for judgment that defendant Wentzel, as tenant, should have the right to use and occupy the premises for the cropping season of 1922, on the following terms: That he should deliver to the plaintiff one-fourth of all the small grain, free of expense at the elevator; that he should pay rental for the corn and pasture land at the rate of $2 per acre; that he should furnish plaintiff a good and sufficient bond in the sum of $400 to insure the seeding of the crop, with two good sureties thereon, to be approved by the clerk of the district court of Dickey county; that he should surrender possession not later than November 1, 1922; that he should have until January 1, 1923, in which to find a purchaser for the premises, upon the terms and conditions to be specified in a written contract, which were to the effect that defendant would be entitled to the right to sell the land until the above specified time for the sum of $16,734.99, together with

any additional taxes, and interest at the rate of 10 per cent. from March 22, 1922, to the date of the sale. The terms of sale to be $4,000 cash; $1,000 on or before a year from the date of the payment of the $4,000, and the balance of the purchase price to be divided into five equal payments, drawing interest at the rate of 8 per cent. per annum, the defendant to receive all sums in excess of these amounts in case of sale. A written lease, specifying the terms of rental, and a written contract, setting forth the terms of sale, if any, were prepared, and were duly executed and acknowledged by the plaintiff prior to the entry of the judgment; these are now a part of this record. The judgment recites the execution and delivery to the defendant of the agreement with reference to the sale of the land (Exhibit 1) and the lease (Exhibit 2).

With the record in this condition, the plaintiff appeals, but complains only of that part of the judgment, providing for the execution and delivery of the lease and the agreement to sell. It would seem clear that, the plaintiff having complied with the order of the court and executed the lease and the agreement to sell, and there being no claim of fraud, duress, or mistake in any respect, asserted or established, it waived the right to complain of any error of the court in this respect, if there were error, and we do not think there was. The action is one in equity. The evidence fairly shows the land to be worth about $80 per acre; that the improvements on the land are quite valuable; that defendant's equity is quite substantial. In these circumstances, and if plaintiff had not waived the error upon which it relies, nevertheless the trial court in the exercise of its equity powers was justified in decreeing the defendant the relief granted; the court could have given the defendant a year or longer in which to make redemption; it could have decreed him possession and use of the premises and the ownership of all crops raised thereon during that time; and under the evidence plaintiff would have no just ground of complaint.

The record contains no error. The judgment appealed from is affirmed. Respondents are entitled to their costs and disbursements on appeal.

Birdzell, C. J., and Bronson and Robinson, JJ., concur.

Christianson, J. (concurring). I concur in an affirmance. From the statement of facts contained in the opinion prepared by Mr. Justice

Grace it will be noted that the judgment appealed from (1) permitted the defendant Wentzel to occupy the premises and crop the same during the season of 1922; (2) permitted him to make a sale of the premises at any time prior to January 1, 1923, upon certain specified terms and conditions, and provided that in event he made such sale he should receive all sums in excess of the amount due to the plaintiff bank. This action was tried in March, 1922. Upon the trial, the principal officers of the plaintiff bank testified that in September, 1921, they had offered to adjust the matter substantially on the terms embodied in the judgment. That is, they testified that the bank made the proposition to the defendant that if he would convey the land to the bank it would rent him the land for the year 1922, and would also give him the right to sell the land at any time prior to January 1, 1923, and permit him to retain all which he might receive over and above the amount due the bank. When the trial was practically concluded the trial court asked the president of the bank the following question:

"Are you willing to renew the proposition that you made Mr. Wentzel, as you claim, last fall, lease him this land for this year, with the privilege of giving him anything that it may sell for, over and above the indebtedness, before. January 1st, next?"

The president of the bank replied:

"So far as the plaintiff is concerned, we have no objection to renewing the offer as to the sale, but would not care to renew the offer as to renting. We would be willing that if the property can be sold, before January, 1923, by any one or ourselves for any more than due on the contract, with interest, up to that time, that Mr. Wentzel may have the excess, if any. We would be willing to list the land with any of the real estate agents, and fix the terms as to the amount of cash we would want down, say $5,000 down, in case of sale, and the contract for the balance. We would want our pay out of it first, and Mr. Wentzel should receive any balance."

Upon this appeal little or no complaint is made of that portion of the judgment which authorized the defendant to remain in possession of and crop the premises during the season of 1922; the principal attack is made upon that portion of the judgment which gave the defendant permission to sell the premises up to January 1, 1923. In view of the statement made by the president of the bank it would seem that the trial court was justified in believing that the bank consented to the provisions in the judgment which it now assails.